UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| MIRA GOROKHOVSKAYA, | : | |
| --- | --- | --- |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:07-cv-01547 (VLB) |
| DEPARTMENT OF HOMELAND | : | |
| SECURITY ET AL., | : | |
| Defendants. | : | October 28, 2008 |

## MEMORANDUM OF DECISION GRANTING
## DEFENDANTS' MOTION TO DISMISS [Doc. #21]

The defendants, the Department of Homeland Security ("department") and its officials, move pursuant to Fed. R. Civ. P. 12(b)(1) to dismiss this action filed by the plaintiff, Mira Gorokhovskaya. The defendants argue that the Court lacks subject matter jurisdiction because the plaintiff failed to exhaust her administrative remedies regarding the denial of her application for naturalization. The Court agrees with the defendants' argument. Accordingly, the defendants' motion to dismiss is GRANTED.

The plaintiff filed an application for naturalization on March 17, 2006. Thereafter, she sought exemptions from the English and civics requirements for naturalization on the basis of her alleged disability of "major depression." On October 20, 2006, the department's district director issued a decision finding the plaintiff ineligible for those exemptions, and, therefore, ineligible for naturalization at that time. The plaintiff did not appeal from that decision to an immigration officer. Instead, on October 19, 2007, nearly one year from the date

of the decision, the plaintiff filed this action, asserting that the defendants violated the Rehabilitation Act of 1973, § 504, 29 U.S.C. § 794; and denied her due process of law. The plaintiff also sought mandamus relief pursuant to 28 U.S.C. § 1361. The defendants then filed the present motion to dismiss.

"A federal court has subject matter jurisdiction over a cause of action only when it has authority to adjudicate the cause pressed in the complaint. . . . Determining the existence of subject matter jurisdiction is a threshold inquiry . . . and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it . . . . When jurisdiction is challenged, the plaintiff bears the burden of showing by a preponderance of the evidence that subject matter jurisdiction exists . . . and the district court may examine evidence outside of the pleadings to make this determination . . . . Accordingly, [j]urisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." Arar v. Ashcroft, 532 F.3d 157, 168 (2d Cir. 2008). Failure to exhaust statutorily required administrative remedies deprives the court of subject matter jurisdiction. Singh v. U.S. Dept. of Homeland Sec., 526 F.3d 72, 77-78 (2d Cir. 2008).

As the defendants in the present case point out, 8 U.S.C. § 1447(a) provides in relevant part that "if . . . an application for naturalization is denied, the applicant may request a hearing before an immigration officer." Furthermore, 8 U.S.C. § 1421(c) provides in relevant part that "[a] person whose application for

naturalization . . . is denied, after a hearing before an immigration officer under section 1447(a) of this Title, may seek review of such denial before the United States district court for the district in which such person resides . . . ." Those statutes plainly indicate that judicial review of the denial of an application for naturalization exists only after an immigration officer has considered the matter. See Baez-Fernandez v. INS, 385 F. Supp. 2d 292, 294 (S.D.N.Y. 2005). Because the plaintiff in the present case failed to seek a hearing before an immigration officer, the Court lacks subject matter jurisdiction.

In an attempt to avoid that conclusion, the plaintiff argues that she filed her case pursuant to the Rehabilitation Act rather than the Immigration and Nationality Act, which includes 8 U.S.C. §§ 1421(c) & 1447(a). The Rehabilitation Act provides in relevant part that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency . . . ." 29 U.S.C. § 794(a). Although the plaintiff's argument is novel, it is unavailing because the Rehabilitation Act does not apply to applications for naturalization. The plaintiff has not cited any authority suggesting that Congress intended to allow applicants for naturalization to circumvent 8 U.S.C. §§ 1421(c) & 1447(a) by filing cases pursuant to the Rehabilitation Act.

As to the plaintiff's request for mandamus relief, "[m]andamus may be

awarded only if the plaintiff proves that (1) there is a clear right to the relief sought; (2) the Government has a plainly defined and peremptory duty to perform the act in question; and (3) there is no other adequate remedy available." <u>Benzman v. Whitman</u>, 523 F.3d 119, 132-33 (2d Cir. 2008). "Mandamus is an extraordinary remedy, available only in extraordinary circumstances . . . ." <u>Aref v. United States</u>, 452 F.3d 202, 206 (2d Cir. 2006). The present case is not appropriate for mandamus relief because it does not involve extraordinary circumstances. The plaintiff does not have a clear right to exemptions from the English and civics requirements for naturalization, the defendants do not have a plainly defined and peremptory duty to exempt the plaintiff, and there is an adequate remedy available to the plaintiff, namely, a hearing before an immigration officer. The plaintiff has not cited any authority suggesting that mandamus relief would be appropriate in this situation.

The defendants' motion to dismiss [Doc. #21] is GRANTED. The Clerk is directed to CLOSE this case.

                                              IT IS SO ORDERED.

                                              /s/
                                            **Vanessa L. Bryant**
                                            **United States District Judge**

Dated at Hartford, Connecticut: October 28, 2008.